**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

————————————————————————
:
VISIONSOFT CONSULTING, INC.            :
:
Plaintiff,            :
:        Case No. 3:19-cv-11526-BRM-DEA
:
v.            :
:
COGNITUS CONSULTING, LLC, *et al.*     :            **OPINION**
:
Defendants.            :
————————————————————————:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff VisionSoft Consulting, Inc.'s ("VisionSoft") Motion for

Reconsideration of the Court's March 26, 2020, Order and Opinion. (ECF No. 30.) Defendants

Cognitus Consulting LLC ("Cognitus"), Cognitus Consulting IT Services Private, Ltd. ("IT

Services") and Gallop By Cognitus Consulting ("Gallop") (collectively, "Defendants") oppose

the Motion. (ECF No. 33.) Plaintiff filed a Reply.[1] (ECF No. 34.) Having reviewed the Parties'

submissions filed in connection with the Motion and having declined to hear oral argument

pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good

cause having been shown, VisionSoft's Motion for Reconsideration is **DENIED**.

I.    **BACKGROUND**

The underlying facts are set forth at length in the Court's March 26, 2020, Opinion (ECF

No. 28), from which Defendants seek reconsideration. In the interest of judicial economy, the

---

[1] Plaintiff's Reply on the docket is titled, "MOTION to Vacate," though the Reply Brief itself is
titled, "Plaintiff's Reply Brief on Motion to Vacate Opinion and Order Dismissing Complaint."
(ECF No. 34.)
[2] L.Civ.R. 7.1(d) further provides that "[n]o reply papers shall be filed, unless permitted by the

Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

## II.   LEGAL STANDARDS

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) as "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i)[2]; *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of

---

[2] L.Civ.R. 7.1(d) further provides that "[n]o reply papers shall be filed, unless permitted by the Court, relating to . . . [Motions for] Reconsideration under L. Civ. R. 7.1(i)."

new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

## III.   DECISION

Plaintiff asks the Court to reconsider its decision granting Defendants' Motion to Dismiss and terminating this action on the grounds that VisionSoft lacked standing because it could not

demonstrate it was the same corporation in whose name the action was brought. (Pl.'s Br. in Sup. of Mot. (ECF No. 30).) Specifically, Plaintiff argues the Court's March 26, 2020 Order and Opinion (ECF Nos. 28 and 29) "employed an inapposite legal standard" in deciding Plaintiff lacked standing. (ECF No. 30 at 2.)

Defendants argue the Motion should be denied as untimely and because VisionSoft has not identified any intervening case, newly available evidence, or a law that ought to nullify the decision. (Defs.' Br. in Opp. to Mot. (ECF No. 33).) VisionSoft does not respond to the untimeliness argument except for one footnote in its Reply, where VisionSoft states, "this application should be considered under the provisions of F.R.Civ.P. 60(b)(6) [sic] so that defendants' timeliness objections are obviated." (Pl.'s Reply (ECF No. 34) at 2 n.1.)[3] VisionSoft provides no legal basis or reason for this proposition. The Court will address each argument in turn.

### a.      Filing Deadlines

This motion is timely. VisionSoft calls this a Motion for Reconsideration (Not. of Mot. (ECF No. 30) at 1, 2), which, pursuant to the local rules, must be served and filed within fourteen days of the entry of the subject Order. *See* L.Civ.R. 7.1(i). However, VisionSoft also says it brings this Motion under Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend a judgment. Rule 59(e) provides that such motions "must be filed no later than 28 days after the entry of Judgment."

The Order at issue was entered March 28, 2020. (ECF No. 29.) Pursuant to Rule 7.1, therefore, this Motion was required to have been filed by Thursday, April 9, 2020; pursuant to

---

[3] Pursuant to Rule 60, titled "Relief from a Judgment or Order," a Motion "must be made within a reasonable time . . . and [] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 59(e), the deadline was Thursday, April 23, 2020. Under either rule, VisionSoft's filing of this Motion on Sunday, April 26, 2020, typically would mean the Motion is untimely. However, because of the COVID-19 pandemic, this District has promulgated several Orders altering these deadlines. While this District's standing order of March 16, 2020, expressly provides that "all deadlines set by Federal or Local Rules . . . remain in effect unless modified by further Order of the Court or Order of the assigned judicial officer" (*see* Standing Order No. 20-02 ¶ 3), a March 24, 2020 Standing Order provides that "all filing and discovery deadlines in civil matters that currently fall between March 25, 2020 and April 30, 2020, are EXTENDED by forty-five (45) days." (*See* Standing Order No. 20-04.) The deadlines under Rule 7.1 and Rule 59(e) discussed above fall between March 25, 2020 and April 30, 2020, and therefore are subject to Standing Order 20-04. Pursuant to Standing order 20-04 therefore, the Rule 7.1 deadline would be Sunday, May 24, 2020, while the Rule 59 deadline would be Sunday, June 7, 2020.[4] Therefore, whether VisionSoft's Motion is covered by Rule 7.1's 14-day deadline or Rule 59's 28-day deadline, the result is the same: this Motion filed on April 26, 2020, is timely filed.

The Court now considers the substance of Plaintiff's argument that the Court applied an inapposite statute in concluding VisionSoft did not have standing to maintain this litigation.

### b.    Standing

VisionSoft argues this Court erred by applying Va. Stat. Ann. § 13.1-754(C). (ECF No. 30-2 at 2.) Pursuant to that statute, corporations considered by Virginia to have ceased to exist for five years because of a failure to file annual reports or franchise fees, among other things, are barred from seeking reinstatement. VisionSoft contends now, as it did in opposing the Motion to Dismiss, that application of this Virginia statute is inapposite because, while there is no disputing

---

[4] Because the deadlines fall on a Sunday, pursuant to Local Civil Rule 6(a)(1)(C), the actual deadline would be the immediate following Monday, respectively.

Virginia listed VisionSoft as an inactive corporation beginning in 2011 and then as a terminated corporation in 2016, this listing was a mistake. VisionSoft maintained such because it timely filed either annual reports or corporation fees.

In considering a Motion to Reconsider, the Court first must review the basis of its Opinion, and then consider the elements required of a successful Reconsideration Motion.

In granting the Motion to Dismiss, the Court concluded VisionSoft's Complaint was clear: It alleged Plaintiff was a Virginia corporation doing business in New Jersey. It is well established a Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). However, Defendants raised the defense that VisionSoft did not have standing pursuant to Fed. R. Civ. P. 17 because VisionSoft's corporate charter had been revoked. (Def.'s Br. in Sup. of Mot. to Dismiss (ECF No. 14-1) at 5-6.) Once this defense was raised, the Court observed it was incumbent upon VisionSoft to "sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . to withstand a defendant's Rule 12(b)(2) motion." (ECF No. 28 at 17 (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 n.6 (3d Cir. 2004) (*quoting Patterson v. FBI,* 893 F.2d 595, 603–604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 67 n.9 (3d Cir. 1984)) (internal citations omitted)).)

The Court concluded VisionSoft did not carry this burden. VisionSoft did not argue it had standing because it was the entity that entered the Cognitus contracts, regardless of whether it was an entity incorporated in 2004. Rather, it argued it had standing because it was the same entity incorporated in Virginia in 2004.

6

VisionSoft supported its proposition of continual existence since its 2004 incorporation with a Certificate of Good Standing dated June 24, 2019. However, as this Court concluded:

> VisionSoft's confidence in the Certificate of Good Standing it produces to evidence its assertions is misplaced. The Certificate merely states, "VisionSoft Consulting Inc. is duly incorporated under" Virginia law as of the date of the Certificate, which is June 24, 2019. (ECF No. 15-1, Ex. A). The Certificate does not identify the VisionSoft Consulting that is in good standing by its SCC number. (*Id.*) It does not state that the VisionSoft in good standing as of July 2019 is the same VisionSoft that was terminated in 2011. In fact, the Certificate states, "Nothing more is hereby certified." (*Id.*) In other words, the Court cannot conclude on the basis of the Certificate of Good Standing that the VisionSoft that instituted this action is the same VisionSoft that was organized in 2004, was extent in early 2011, or even was the same VisionSoft that entered the agreements that are at the center of this action.

(ECF No. 28 at 17.)

The Court also observed Defendants proffered a Certificate of Fact from the same Virginia agency that issued VisionSoft's 2019 Certificate of Good Standing. (*Id.* at 18.) This Certificate of Fact stated Vision Soft Consulting Inc. "was automatically terminated as of April 30, 2011." (*Id.*)

In short, the Court concluded VisionSoft's 2019 Certificate was not enough to overcome the Certificate of Fact's statement that VisionSoft had been terminated as of April 30, 2011. (*Id.*)

To succeed on a Motion for Reconsideration, VisionSoft must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F. 3d at 677; *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995).

In seeking reconsideration, VisionSoft does not cite an intervening change in the controlling law. VisionSoft has offered new exhibits. However, it does not state whether these

exhibits were available when the court made its initial decision. Rather, it infers without stating the standards for such Motions that there is a need to correct a clear error of law, meaning the application of an inapposite state law. (ECF No. 30-2 at 2.) The Court is not persuaded.

### 1. Newly Available Evidence

To begin, VisionSoft proffers new exhibits it argues demonstrate it regularly filed and paid its taxes in Virginia for the years during which VisionSoft was included on Virginia's list of inactive and later terminated corporations. (*See* Reddy Cert. (ECF No. 30-1) ¶¶ 3, 4; *see also* Pl.'s Exs. B, C (ECF No. 30-1) at 12-79.) VisionSoft also submits an annual report for 2019, along with receipts Plaintiffs maintain evidence the filing of, among other things, other annual reports. (*See* ECF No. 30-1) ¶ 5; *see also* Pl.'s Ex. D (ECF No. 30-1) at 80-96.)

However, where "evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *DeLong Corp. v. Raymond International Inc.*, 622 F.2d 1135, 1139–40 (3d Cir. 1980) (*overruled on other grounds Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 983 (3d Cir. 1981)). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (citations omitted).

VisionSoft does not state whether the exhibits it submitted in support of this Motion are newly available evidence as defined by *Blystone*. In fact, VisionSoft does not state any law or

case law to support the submission of these exhibits for this Motion. The Court's review of these new exhibits makes clear the documents contained therein appear to be ordinary records of the sort that would be kept by any corporation in the normal course of business: completed tax forms, receipts for tax payments made, receipts for mailings of tax forms. In other words, the Court cannot construe this evidence as newly available evidence in the sense that VisionSoft "could not [have] earlier submit[ted] to the court because that evidence was not previously available." *Id.* Rather, the Court construes this as evidence VisionSoft "submits to the court after an adverse ruling." *Id.* Therefore, it would be inappropriate for this Court to consider these new exhibits.

However, even were the Court to consider these new exhibits, it is not clear they support VisionSoft's proposition that the March 2020 Opinion applied an inapposite statute. For example, the insufficiency of the Certificate of Good Standing VisionSoft proffered in opposition to the Motion to Dismiss is made clear by a different Certificate of Good Standing VisionSoft includes in exhibits to support this Motion. This second Certificate of Good Standing is dated March 14, 2007, and expressly states not only that VisionSoft is a corporation in good standing but also that this entity has an incorporation date of December 17, 2004.[5] (*See* Pl.'s Ex. B (ECF No. 30-1) at 8.) Indeed, this expression of VisionSoft's date of incorporation on a Certificate of Good Standing is prescribed by Va. Stat. Ann. § 13.1-609(B)(2). The only proposition supported by the 2019 Certificate is that an entity called VisionSoft was in good standing as of June 2019. This 2019 Certificate does not state even that this entity called VisionSoft was in existence in, say, May 2019, let alone infer an existence dating to 2004.

---

[5] The 2007 Certificate also states, as does the 2019 Certificate, "Nothing more is hereby certified." (ECF No. 30-1 at 8.)

In opposing the Motion to Dismiss, VisionSoft submitted the certification of its chief executive stating that the corporation had timely filed all annual reports and corporation fees. (Reddy Cert. (ECF No. 15-1) ¶ 3.) VisionSoft argued the same in its opposition. (*See* Pl.'s Br. in Opp. (ECF No. 15) at 3.)[6] Rather than submit the receipts or other evidence of such timely filing of annual reports and corporation fees to support this certification, VisionSoft submitted the June 2019 Certificate of Good Standing. Now, after the Court concluded this 2019 Certificate wasn't enough to overcome the standing defense raised by Defendants, VisionSoft proffers different evidence to support the same proposition it put forth in the Motion to Dismiss, that the entity in Good Standing in Virginia in 2019 is the same entity that incorporated in Virginia in 2004.

It is well established that Reconsideration Motions may not be used to argue new facts "inexcusably [] not presented to the court in the matter previously decided." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) (citing *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D.Del. 1990). A Motion for Reconsideration also is not to be used to revisit issues "with the benefit of 'the hindsight provided by the court's analysis.'" *Knipe*, 583 F. Supp. 2d at 586 (citing *Marshak v. Treadwell,* Civ. No. 95–3794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008) (quoting *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994))). It is clear VisionSoft's "new" exhibits attempt to accomplish what *Knipe* forbids, bringing different evidence to support a proposition its original evidence did not. However, this evidence is not new evidence as required by *Blystone*, but merely exhibits that could have been proffered to support its opposition to the original Motion to Dismiss. Therefore, to the extent VisionSoft asks

---

[6] VisionSoft argued: "As the [Virginia agency's] clerk with whom Mr. Reddy spoke immediately acknowledged, VisionSoft timely submitted all the required annual reports and paid its franchise fee without fail, year in, year out, for every year it has been in existence." (ECF No. 15 at 3.)

this Court to reconsider its March 2020 Opinion on the basis of new evidence or facts, the Motion is denied.

The Court next considers VisionSoft's argument that the Court's Opinion contains a clear error of law.

### 2.      Clear Error of Law

A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . .  demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

Here, the record does support the proposition that the VisionSoft that filed the Complaint is not the VisionSoft that incorporated in Virginia in 2004. As discussed, the same Virginia agency that issued VisionSoft's Certificate of Good Standing also issued a Certificate of Fact to Defendants that states, "The existence of Vision Soft Consulting, Inc, [sic] a Virginia corporation, was automatically terminated as of April 30, 2011 for its failure to pay the annual registration fee as required by law." (*See* Defs.' Ex. A to Mot. to Dismiss (ECF No. 18-1).) This Certificate of Fact further infers this corporation was "purged" from the agency's systems because the termination of VisionSoft was not corrected, as prescribed by Va. Stat. Ann. § 13.1-754(a), within five years of its termination. It is clear a record containing this Certificate of Fact can support the Court's recognition VisionSoft did not have standing because it was subject to the provisions of Va. Stat. Ann. § 13.1-754 barring reinstatement after a corporation has ceased to exist for five years.

VisionSoft maintains Va. Stat. Ann. § 13.1-754(C) is inapplicable to the facts of this matter because the Virginia agency responsible for keeping the corporation database took steps "to correct its own errors." (ECF No. 34 at 5.) However, VisionSoft provides no case law nor cites any statute giving the Virginia agency the power to "correct its own errors" by resurrecting a corporation that had been "out of good standing for a period of five years," a resurrection that § 13.1-754(C) prohibits, after notice had been provided to the public on the agency's website since 2011 that VisionSoft had ceased to exist.

"Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353); *see also Compaction Sys. Corp.*, 88 F. Supp. 2d at 345 ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc.*, 680 F. Supp. at 163; *Schiano*, 2006 WL 3831225, at *2 ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted). In the absence of evidence Virginia had the power to resurrect VisionSoft, the Court concludes the record supports the findings that informed this Court's ruling. *ABS Brokerage*, 2010 WL 3257992, at *6.

Granting a Motion for Reconsideration is not proper "where it simply asks the court to 'rethink what [it] had already thought through—rightly or wrongly.'" *Knipe*, 583 F. Supp. 2d at 586 (citing *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1123 (E.D. Pa. 1993) (internal quotations omitted). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 352. VisionSoft seeks to re-

12

litigate old matters. Accordingly, the Motion for Reconsideration brought pursuant to L.Civ.R. 7.1(i) is **DENIED**.

This result does not end the Court's inquiry, as VisionSoft in its Motion also invokes Federal Rules of Civil Procedure 59 and 60. Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *Id.* Still, the Court will consider the elements for Motions pursuant to these rules.

### 3.   Federal Rules of Civil Procedure 59, 60

For the same reasons VisionSoft's Motion is denied on the merits under L.Civ.R. 7.1, it also is denied under the Federal Rules.

A motion to alter or amend a judgment pursuant to Rule 59(e) will be granted only where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555 (D.N.J. 2003), *aff'd on other grounds*, 125 F. App'x 406, 2005 WL 605409.

The Motion for Reconsideration pursuant to Rule 59 is denied because the "standard for a motion brought under L.Civ.R. 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment." *In re Vehicle Carrier Servs. Antitrust Litig.*, Civ. No. 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016), *aff'd*, 846 F.3d 71 (3d Cir. 2017), *as amended* (Jan. 25, 2017) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Cafe*, 176 F.3d at 677). As set forth above, VisionSoft has not introduced newly available evidence, only "new" exhibits the Court construes as documents any corporation would have in its records and therefore of the sort that could have been presented to the Court as

it considered the Motion to Dismiss. Nor has VisionSoft identified a clear error of law. Accordingly, the Motion is denied to the extent that it was brought pursuant to Rule 59.

The Motion brought pursuant to Rule 60 also fails. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civ. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)).

Rule 60(b)(1) is concerned with mistakes of a substantive nature. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). However, a Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x. 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

"To secure relief under Rule 60(b), a movant must establish that the circumstances warrant overcoming the 'overriding interest in the finality and repose of judgments.'" *In re Vehicle Carrier Servs.*, Civ. No. 13-3306, 2016 WL 1628879, at *4 (citing *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987)). "Those circumstances must be exceptional; Rule 60(b) provides an extraordinary remedy." *In re Vehicle Carrier Servs.*, Civ. No. 13-3306, 2016 WL 1628879, at *4 (citing *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). As the Third Circuit observes, "[d]isagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance." *Thompson v. Eva's*

14

*Vill. & Sheltering Program*, Civ. No. 04-2548, 2008 WL 4661802, at *3 (D.N.J. Oct. 20, 2008), *aff'd.*, 321 F. App'x 108 (3d Cir. 2009) (quoting *Bierley v. Shimek,* 153 F. App'x 87, 89 (3d Cir. 2005)).

As discussed above, VisionSoft has failed to demonstrate the Court made such a substantive mistake in its March 2020 Opinion. *Gonzalez*, 545 U.S. at 529. Accordingly, VisionSoft's Motion for Reconsideration pursuant to Rule 60 is **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, VisionSoft's Motion for Reconsideration is **DENIED**. An appropriate Order will follow.

Date: September 16, 2020                                                          */s/ Brian R. Martinotti*_____
                                                                                    **HON. BRIAN R. MARTINOTTI**
                                                                                    **UNITED STATES DISTRICT JUDGE**